## DUDGEON vs. TEASS

If a person hire a slave for a year, and the slave die during the time, the hirer is bound for the hire only to the time of the death.

### APPEAL from Warren Circuit Court.

CARTY WELLS, for Appellant.

The only point made by plaintiff in error is:   That the court erred in giving the following instruction:

"That if the negro died during the year, without the fault of the defendant, that the plaintiff could only recover on his bond up to the time of the death."

He insists that the hiring is in the nature of a sale of the services of the slave for a year, and that defendant took him at his own risk.   The contract was complete on the delivery of the slave.   See Knox vs. Blanton, 3 Mo. Rep. 242; 6 Mo. R. 324; 8 do. 33; 5 Monroe 360.

CAMPBELL, for Appellee.

The points I make in this case are:

1. That the death of a hired negro, before the end of the term, without the fault of the person to whom he is hired, is the act of God, and that under the law the loss must fall on the owner.

2. When a negro dies, he ceases to be property—he is no longer a slave—and it is not lawful to exact wages for services that cannot possibly be rendered.

If a free man contract to serve for a year, for a specified sum, and die before the end of a year, the payment of wages ceases from the time of his death; for the same reason the payment of the hire of a slave should cease when he dies.

NAPTON, J., delivered the opinion of the court.

This was a suit upon a note given for the hire of a negro for one year. The slave died before expiration of the year, and the question was whether there should be an abatement of the hire, from the death of the negro. The circuit court decided affirmatively on this proposition, and this court is now called upon to determine on the propriety of that decision.

Cases of this character do not derive much light from the analogies of the law on the subject of rents. If those analogies be adhered to with strictness, it is plain that the doctrine of the circuit court cannot be sustained.

In Virginia the doctrine has long been settled that the death of the slave discharges the hirer from the payment of wages, though no very good reason is given by the courts of that State for distinguishing it from the case where the slave runs away during the term, in which case they admit the loss of the term to fall upon the hirer, and the loss of the reversion to fall on the owner. George vs. Elliott, 2 H. & M. 6. This decision, originally made by chancellor Taylor, appears to have been adopted in South Carolina, and in North Carolina. 2 Bailey 424, Wheeler 153. A contrary doctrine prevails in Kentucky. 5 Monroe 359, 1 Bibb 536.

The doctrine maintained by the circuit court of Warren county seems to have prevailed among most of the slave holding States, and as it is a doctrine which appears most conformable to the principles of natural justice, and is not inconsistent with any settled rules of law regulating contracts, in relation to this species of property, the judgment of that court will be affirmed.